UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-1764

CONSOLIDATION COAL COMPANY,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR;
DAISY WILBURN, surviving spouse of Robert
Wilburn, deceased,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(01-634-BLA)

Argued:  February 27, 2004          Decided:  June 23, 2005

Before WIDENER, WILKINSON, and GREGORY, Circuit Judges.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** William Steele Mattingly, JACKSON KELLY, P.L.L.C.,
Morgantown, West Virginia, for Petitioner.  Peter David Dinardi,
Morgantown, West Virginia, for Respondents.  **ON BRIEF:** Ashley M.
Harman, JACKSON KELLY, P.L.L.C., Morgantown, West Virginia, for
Petitioner.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Consolidation Coal Company petitions for review of the May 17, 2002 Decision and Order of the Benefits Review Board (BRB), affirming the Administrative Law Judge's (ALJ) award of Black Lung disability and survivor benefits to Daisy Wilburn, the widow of coal miner Robert Wilburn.

Robert Wilburn began working as a coal miner in 1933. He started work with Consolidation Coal in 1955 and remained employed with that company until he retired in 1978.

In 1979, Wilburn filed a claim for benefits under the Black Lung Benefits Act (BLBA), 30 U.S.C. § 901 et seq. An ALJ determined that Wilburn was not entitled to benefits because there was insufficient evidence of total disability due to pneumoconiosis. Wilburn appealed to the BRB and the Board affirmed.

In August 1996, Wilburn was diagnosed with acute myelogenous leukemia. Wilburn died on October 26, 1996. Wilburn's treating physician, Dr. Darrell Saunders, certified the immediate cause of death as acute leukemia. An autopsy was performed by Drs. Sydney Goldblatt and James Pisano. The autopsy report noted the presence of "Macular, Simple Coal Worker's Pneumoconiosis."

Daisy Wilburn, the widow of Robert Wilburn, filed a claim for disability and survivor's benefits with the Department of Labor's Office of Workers' Compensation Programs. A hearing was held on

2

November 14, 2000 before an Administrative Law Judge.  On April 19, 2001, the ALJ awarded benefits to Mrs. Wilburn.

The essence of this petition for review is Consolidation's disagreement with the ALJ's determination of the weight afforded to an autopsy, to various x-rays, and to the testimony by way of reports and depositions of expert witnesses.

First, the ALJ held that Wilburn's x-ray records did not themselves contain sufficient evidence of pneumoconiosis.  As part of that analysis, the ALJ afforded greater weight to x-rays taken for the purpose of diagnosing pneumoconiosis than to x-rays taken for the purpose of diagnosing Wilburn's leukemia and other related illnesses.

Second, the ALJ examined the medical history, autopsy records and reports and depositions of the expert witnesses and found sufficient evidence of pneumoconiosis to award benefits.  The ALJ based his opinion largely on the weight afforded to four experts: Drs. Cyril H. Wecht, Richard L. Naeye, Stephen T. Bush and Joseph F. Tomashefski, Jr.

Dr. Wecht reviewed Wilburn's medical history and autopsy report on behalf of Mrs. Wilburn.  Dr. Wecht concluded that Wilburn died of pneumonia, a terminal complication of acute leukemia.  Dr. Wecht also concluded that pneumoconiosis was "a substantial contributing factor in [Wilburn's] death."  He also stated:

3

"[s]pecifically, I believe that his pulmonary pathology was coal workers' pneumoconiosis."

Drs. Naeye, Bush and Tomashefski reviewed Wilburn's medical history for Consolidation Coal. Dr. Naeye concluded that there was no evidence of pneumoconiosis and that Wilburn would have died "at the same time and in the same way if he had never mined coal." Dr. Bush also concluded that there was no evidence of pneumoconiosis and that "Wilburn would have died at the same time and in the same manner if he had never been exposed to the pulmonary hazards of coal mining employment." Dr. Tomashefski concluded that Wilburn "did not have coal workers' pneumoconiosis" and therefore "pneumoconiosis was not a contributing factor in Mr. Wilburn's death.

The ALJ afforded greater weight to Dr. Wecht's report because it was well reasoned, well documented, and supported by the findings in the autopsy report. In this connection, we note that 20 C.F.R. § 718.202(a)(2) provides in part that "A report of autopsy shall be accepted unless there is evidence that the report is not accurate or that the claim has been fraudulently represented," conditions not present here. The ALJ found portions of the reports from Consolidation Coal's three experts to be equivocal, internally inconsistent, and lacking sufficient explanation for their reasoning.

4

Consolidation Coal appealed the ALJ's decision to the Benefits Review Board. The BRB found error in the ALJ's decision to afford less weight to x-ray readings interpreted for the purpose of treating Wilburn's leukemia, but found the error harmless. The Board concluded that the ALJ's decision to afford greater weight to Dr. Wecht's testimony and lesser weight to the testimony of Drs. Naeye, Bush and Tomashefski was supported by substantial evidence. Accordingly, the BRB affirmed the ALJ's decision to award benefits.

We review the Board's Decision and Order to determine whether it properly concluded that the ALJ's decision was supported by substantial evidence in the record. Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995). After consideration of the briefs, record, and oral argument, we find that the Board correctly addressed the questions now raised by Consolidation Coal in its petition for review and that the Board properly found the ALJ's decision supported by substantial evidence.

Accordingly, we are of opinion that there is not reversible error in this case, and we therefore deny the petition for review for the reasons expressed in the Benefit Review Board's Decision and Order.

PETITION FOR REVIEW DENIED